**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

v.

CHRISTOPHER ADIN GRAHAM,

          Defendant - Appellant.

No. 14-30205

D.C. No. 3:12-cr-00178-BR-1

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Submitted March 10, 2016[**]
Portland, Oregon

Before: FISHER, BERZON, and WATFORD, Circuit Judges.

**1.** The district court did not abuse its discretion in denying defendant

Christopher Graham's request for a longer continuance.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Granting a longer continuance would have caused nontrivial inconvenience to the witnesses and the court. By the time of defense counsel's request, potential witnesses' flight and hotel reservations had already been made. In addition, an insufficient number of jurors were available the week after the scheduled start date, so any continuance longer than the few days the district court granted would have required a substantial postponement.

A longer continuance also would have served limited utility. The government did not call the victim's mother to testify at trial, so additional time to investigate any leads raised by her late-disclosed statement would have provided minimal benefit. The district court's decision, moreover, caused the defense no more than negligible prejudice. The government did not use the recordings of Graham's recent calls from prison in its case. And the district court precluded the government from calling its prison informant to the stand until the second week of trial. This delay provided the defense sufficient time to prepare for cross-examination, and defense counsel thoroughly impeached the informant using information taken directly from the late-produced files. The defense also impeached the victim's credibility and used information from the late-disclosed Law Enforcement Database System reports to call her testimony into question. Furthermore, there was no apparent prejudice from the late disclosure of either the

forensic analysis of Graham's cell phone or the transcript of the full December 7, 2010, phone call to the police. In sum, Graham's "general claim" that he was not given an adequate opportunity to thoroughly analyze all of the late-produced discovery is "insufficient to show the actual prejudice required to reverse a conviction." *United States v. de Cruz*, 82 F.3d 856, 861 (9th Cir. 1996).

**2.** The district court did not plainly err in calculating Graham's Sentencing Guidelines range. Section 3A1.3 calls for a two-level increase "[i]f a victim was physically restrained in the course of the offense." Under the Guidelines, the term "'[p]hysically restrained' means the forcible restraint of the victim such as by being tied, bound, or locked up." U.S.S.G. § 1B1.1 cmt. n.1(K). The jury heard evidence that Graham locked his victim in the trunk of his car and drove her to a location in order to coerce her into engaging in further commercial sex activity. Such restraint was not necessary to the application of U.S.S.G. § 2G1.1, which sets a Base Offense Level of 34 for Graham's offense of conviction, sex trafficking accomplished by force, fraud, or coercion under 18 U.S.C. § 1591(b)(1). The two guidelines thus serve distinct purposes. There was no improper double counting. *See United States v. Smith*, 719 F.3d 1120, 1125 (9th Cir. 2013); *see also* U.S.S.G. § 3A1.3 cmt. n.2.

**AFFIRMED.**